Edgar J. Nathan, Jr., J.
Plaintiff moves for summary judgment. Defendant, York Associates Inc., purchased from plaintiff a contract for the sale of real property to plaintiff. The agreement between plaintiff and “York” provided that the latter took the assignment of the contract with full knowledge of the fact that the seller, Broff, contested the validity or enforcibility of the purchase agreement between Broff and plaintiff. In conjunction with the assignment the individual defendants signed a guarantee of the payments required by “ York ”, and defendant, Di Lorenzo executed an escrow agreement pursuant to which Di Lorenzo agreed not to transfer the assignment until “ York ” paid the balance of the contract price.
It is clear that the corporate and individual defendants, who are officers of the corporate defendant, ascertained the nature of Broff’s objections to the contract of sale at a time when they had the contractual right to rescind the assignment and to obtain the moneys deposited thereunder upon reassignment of the contract of sale to plaintiff.
The corporate defendant sued the seller, Broff, for specific performance, and in the course of that action elected to enter into a separate agreement for the sale of the property without plaintiff’s knowledge. As a result, the action for specific performance was discontinued and the property conveyed to “York”. It appears that the defendant, Di Lorenzo, participated in the new agreement and despite the provisions of the escrow agreement released the assigned contract to “York”. When the contract between “York” and “Broff” was fulfilled “York” deposited the balance of the purchase price of the assignment with Di Lorenzo.
Defendant “ York ” has asserted a counterclaim for $100,000 claiming damages based on plaintiff’s perpetration of a fraud upon it in willfuly refusing to disclose the fact that Broff had already disclaimed his obligations under the contract of sale and *704 had stated Ms reasons therefor to plaintiff. However, defendant “York” offers no facts to substantiate the counterclaim and inferentially the defendants concede that the terms of the contract between plaintiff and “York” precludes the latter from claiming damages for the alleged fraud.
Under the immunity and protecting clause of the contract involved herein, the defendant “ York ” stipulated that it knew that the seller ‘ ‘ Broff ’ ’ questioned the validity of the contract of sale. Even if the seller’s specific objections were not divulged by plaintiff, nevertheless, “ York ” acquired knowledge of those objections in the course of the specific performance action. Instead of disclaiming the contract, the defendants elected to accept the benefit of the assignment and without plaintiff’s knowledge modified the contract by entering into a separate agreement with Broff resulting in the sale of the property to “ York ” on different terms. Since “ York ” learned the actual facts prior to purchasing the property it is obvious that it did not rely on the alleged fraudulent concealment. It elected to stand on the contract, reap the benefits thereunder and, therefore, waived the fraud. In view of the immunity clause in the contract and “ York’s ” election to accept the benefits of the-contract, “York” is estopped from claiming fraud (Danann Realty Corp. v. Harris, 5 N Y 2d 317).
The individual defendants are liable under their absolute guarantee and the defendant, Di Lorenzo, for Ms violation of the escrow agreement and his refusal to turn over the balance of the purchase price which he admits he holds.
Accordingly, the motion for summary judgment is granted as to all defendants. Settle order.